UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Michael Alexander, | Case No. 2:22-cv-1084-CDS-BNW |
| Plaintiff | **Order Granting in Part and Denying in Part Defendant's Motion to Dismiss** |
| v. | |
| Corey Chadwick, | [ECF No. 7] |
| Defendant | |

This is a civil suit brought by plaintiff/counter defendant Michael Alexander for claims arising out of a Bitcoin agreement signed by the parties on February 21, 2019. Alexander brings twelve claims against defendant/counter plaintiff Corey Chadwick.[1] ECF No. 1. Chadwick moves to dismiss five of the twelve claims: (1) breach of fiduciary duties; (2) accounting; (3) replevin; (4) securities violations; and (5) negligence. ECF No. 7. The motion is fully briefed. ECF No. 11; ECF No. 12. For the following reasons, Chadwick's motion to dismiss is granted in part and denied in part.

I.   **Legal standard**

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6)

---

[1] (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) breach of fiduciary duties; (4) accounting; (5) fraud; (6) replevin; (7) securities violations; (8) declaratory relief; (9) constructive trust; (10); conversation; (11) negligence; and (12) unjust enrichment.

requires "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 545. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

II.  Analysis

As an initial matter, Chadwick's motion to dismiss and corresponding reply fail to satisfy Local Rule 7-2, which requires a motion "be supported by a memorandum of points and authorities." LR 7-2(a). Chadwick's motion is wholly deficient on this front. Apart from a single case cite in the reply, the motion does not provide the court with *any* points and authorities for why the court should dismiss any of the five claims in question.[2] *See generally* ECF No. 7. "The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d); *see also Ilani v. Abraham*, 2019 U.S. Dist. LEXIS 228130, *4 (D. Nev. Sept. 17, 2019) (denying contempt motion, in part, for failure to cite legal

---

[2] To be clear, while Chadwick provides general case citations to describe the doctrines, he provides no individualized authorities explaining why the allegations of Alexander's complaint fail to state a claim under a particular doctrine. For example, the entirety of Chadwick's argument to dismiss the Accounting claim reads:

> C.   Accounting
>
> 6.   "An action for accounting is a proceeding in equity for the purpose of obtaining a judicial settlement of the accounts of the parties in which proceeding the court will adjudicate the amount due, administer full relief and render complete justice. An accounting cause of action is equitable in nature, and may be sought where the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." *Oracle USA, Inc. v. Rimini St., Inc.*, 2010 WL 3257933 at *6 (D. Nev. Aug. 13, 2010) (internal citations and quotations omitted).
>
> 7.   Alexander is certainly entitled to documents showing the trading activity on his accounts; all such information which he has not already received will be provided in the discovery processes in this litigation. Alexander has pled no facts, however, which would support his entitlement to the equitable remedy of an accounting.

ECF No. 7 at 2–3. Nor does his reply on the Accounting claim ameliorate this deficiency. *See* ECF No. 12 at 3–4.

authority); *United States v. Johnson*, 180 F. Supp. 2d 1155, 1157 (D. Nev. 2002) (denying motion under LR 7-2(d), in part, for failure to cite authority supporting argument). While marginally more detailed and supported, Alexander's response to the motion to dismiss is similarly lacking in points and authorities. *See* ECF No. 11.

In short, the parties' papers fail to provide the court with the necessary tools to adjudicate Chadwick's request that the court dismiss five claims in this action. "It is not Court's role to research independently and develop answers to legal questions that the parties have not adequately addressed." *O'Neal v. Sideshow, Inc.*, 583 F. Supp. 3d 1282, 1287 (C.D. Cal. 2022); *see also Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929–30 (9th Cir. 2003) ("However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so . . . . We require contentions to be accompanied by reasons."); *Bretford Mfg., Inc. v. Smith Sys. Mfg. Corp.*, 419 F.3d 576, 581 (7th Cir. 2005) ("It is not our job to do the legal research that [the plaintiff] has omitted.").

Notwithstanding, for the sake of judicial efficiency, the court grants Chadwick's motion as to the securities violations and negligence claims for the following reasons.

### A. Securities Violations

Alexander alleges in his complaint that "[t]he conduct of Chadwick, upon information and belief, has violated Nevada and Federal Securities law." ECF No. 1 at 11. He goes on to allege that "[t]he SEC has recently applied longstanding securities law principles to determine if conduct by cryptocurrency traders like Chadwick creates an investment contract and therefore was a security under Federal and Nevada securities law." *Id*. Alexander does not, however, specify what securities law or laws were actually violated or what statute(s) under which the claim is brought. *See id*. "Without pointing to which particular statute or law the claim is brought under, the court is unable to assess whether plaintiff has stated 'a claim for relief that is plausible on its face.'" *Cox v. Randazza*, 2013 U.S. Dist. LEXIS 168741, *13–14 (D. Nev. Sept. 16, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 169266 (D. Nev. Nov. 27, 2013)

(citing *Ashcroft*, 129 S. Ct. at 1949). In his response, however, Alexander points to specific Nevada and federal statues under which to bring his claims. ECF No. 11 at 9–10. Because it appears this issue may be curable, the securities violations claim is dismissed without prejudice.

### B. Negligence

Alexander asserts a negligence claim arising out of Chadwick's alleged misconduct relating to the Bitcoin Trading Agreement. ECF No. 1 at 14. Specifically, he alleges that Chadwick assumed a fiduciary duty to Alexander pursuant to the Agreement and that this duty was breached when Chadwick "failed to provide an accounting, failed to return the original BTC to Alexander upon demand, failed to generate profits/increase in BTC and to give profits to Alexander, and otherwise failed to act and acted, as outlined above, in accordance with the standards of traders of BTC in the industry." *Id*. Chadwick argues that this claim should be dismissed because Alexander claims only economic damages arising out of the contract and thus this claim is barred under the economic loss doctrine. ECF No. 7 at 4. I agree.

Nevada recognizes the economic loss doctrine. *Calloway v. City of Reno*, 116 Nev. 250, 257 (2000). In general, "the 'economic loss doctrine marks the fundamental boundary between contract law, which is designed to enforce the expectancy interests of the parties, and tort law, which imposes a duty of reasonable care and thereby generally encourages citizens to avoid causing physical harm to others.'" *Sadler v. PacifiCare of Nev.*, 130 Nev. 990, 996 (2014) (quoting *Terracon Consultants W., Inc. v. Mandalay Resort Grp.*, 125 Nev. 66, 72–73 (2009)). "The doctrine expresses the policy that the need for useful commercial economic activity and the desire to make injured plaintiffs whole is best balanced by allowing tort recovery only to those plaintiffs who have suffered personal injury or property damage." *Terracon Consultants Western*, 125 Nev. at 75. Thus, "when economic loss occurs as a result of negligence in the context of commercial activity, contract law [must] be invoked to enforce the quality expectations derived from the parties' agreement." *Id*. "Under the economic loss doctrine . . . economic losses are not recoverable in negligence absent personal injury or damage to property other than the defective

entity itself." *Calloway*, 116 Nev. at 262. "Purely economic loss is generally defined as 'the loss of the benefit of the user's bargain . . . including . . . pecuniary damage for inadequate value, the cost of repair and replacement of the defective product, or consequent loss of profits, without any claim of personal injury or damage to other property.'" *Id.* at 257 (quoting American Law of Products Liability 3d § 60:39, at 66 (1991)). Stated otherwise, the economic loss doctrine bars recovery for purely economic losses "'without any claim of personal injury or damage to other property.'" *Id.*

Here, Alexander alleges damages arising solely from the loss of the benefit of his contractual bargain: Chadwick's alleged failure to (1) provide an accounting, (2) return the original BTC to Alexander upon demand, (3) generate profits/increase in BTC and to give profits to Alexander, (4) act in accordance with the standards of traders of BTC in the industry. These are purely economic damages, not damages arising from personal injury or property damage. Moreover, these are damages for which Alexander is able to—and indeed—*is* already pursuing a remedy via a breach of contract claim. *Cf. Lopez v. Corral*, 2010 Nev. LEXIS 69, *10–11 (Nev. 2010) ("Here, because of the nature of this case, Corral does not have a contract-law remedy against Lopez, and therefore, the policy considerations behind the economic loss doctrine are inapplicable.").

Alexander argues in his response that he did not state in the complaint that he is "only seeking economic damages" and points out that he also sued for punitive damages and "other damages due to fraud and breach of fiduciary duties." ECF No. 11 at 11. However, any such "other" damages appear to be a product of the breach of contract and are thus barred as well. *See Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 879 (9th Cir. 2007) ("As a general matter, the economic loss doctrine bars actions in tort where an allegedly breached duty arises from failure to perform contractual obligations.") (collecting Supreme Court of Nevada cases). For those reasons, I dismiss Alexander's negligence claim as currently articulated per the economic loss doctrine. *See Med. Man Techs. v. Vegas Valley Growers Llc*, 2019 Nev. Dist. LEXIS 850, *5–6 (Nev. July

1, 2019). It is unclear whether Alexander may be able to plead a negligence claim distinct from the contract which may not be barred by the economic loss doctrine, thus I dismiss his negligence claim without prejudice.

Regarding the remaining claims Chadwick requests the court dismiss, because the motion does not comply with LR 7-2, and because the court cannot make a sound judgment for those claims based on the content of the papers submitted, the portion of Chadwick's motion requesting dismissal of the claims for breach of fiduciary duties, accounting, and replevin is denied without prejudice. If he chooses to refile, Chadwick is advised to include points and authorities detailing why Alexander fails to state a claim on each relevant count under the relevant authority.

### III.     Conclusion

IT IS HEREBY ORDERED that Chadwick's motion to dismiss [ECF No. 7] is **GRANTED in part DENIED in part without prejudice.** Count VII (Securities Violations) and Count XI (Negligence) are dismissed without prejudice.

IT IS FURTHER ORDERED that, pursuant to Local Rule 16-5, the parties are instructed to participate in a mandatory settlement conference before the magistrate judge. If the parties are unable to reach an agreement resolving the claims, if he so chooses, Alexander may file an amended complaint within fourteen days of the failed settlement efforts. If Alexander does not amend his complaint, Chadwick will have 30 days following the conclusion of the settlement conference to refile a motion to dismiss which complies with this order.

DATED: January 2, 2024

_____
Cristina D. Silva
United States District Judge