UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL ALEXANDER,<br><br>    Plaintiff(s),<br><br>v.<br><br>COREY CHADWICK,<br><br>    Defendant(s). | Case No. 2:22-cv-01084-CDS-NJK<br><br>**Order**<br><br>[Docket No. 46] |

On May 21, 2024, this case was reassigned to the undersigned magistrate judge. Docket No. 47. Pending before the Court is the parties' stipulation to modify case management deadlines. Docket No. 46.

## I. DEADLINE TO AMEND THE PLEADINGS

The parties seek a new deadline to amend the pleadings for June 27, 2024. Docket No. 46 at 4. United States District Judge Cristina D. Silva ordered that any amended complaint had to be filed within 14 days of the settlement conference. Docket No. 35 at 6. Hence, the current deadline for an amended complaint is May 31, 2024. *See* Docket No. 44. The pending stipulation articulates no reason why that deadline cannot be met. Nor does the pending stipulation explain why amendment to counterclaims is contemplated at this juncture or why such counterclaims could not have been brought earlier. Although good cause has not been met, <u>as a one-time courtesy</u> the Court will extend the deadline to amend the pleadings to June 14, 2024.

## II. DISCOVERY CUTOFF AND SUBSEQUENT DEADLINES

The parties also seek a new 240-day period for discovery. Docket No. 46 at 4.[1]

---

[1] That a request is jointly submitted "neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief. Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022).

1

As a threshold matter, it is important to recognize that this is an extraordinary request. An entire discovery period generally spans 180 days. *See* Local Rule 26-1(b)(1). Moreover, this is not a complex matter akin to a patent, antitrust, or environmental enforcement matter, and the parties have already had months and months to engage in discovery. *See, e.g.*, Docket No. 46 at 2-3. The stipulation fails to sufficiently explain why the discovery clock should effectively start anew at this stage of the case.[2]

The insufficient explanation to justify the extension requested is compounded by the failure to file a stipulation that complies with the local rules. A request for relief from the case management deadlines must provide a "*specific* description of the discovery that remains to be completed." Local Rule 26-3(b) (emphasis added). The stipulation makes vague reference to "conducting the depositions and continuing to exchange written discovery," as well as to "third-party subpoenas." Docket No. 46 at 4; *see also id.* at 3. Such generic assertions fail to comply with the local rules.

Given the sparse showing made and the failure to specify the discovery that remains to be completed, the Court will give the parties another 90 days for discovery from the deadline to amend the pleadings. Counsel must take all reasonable steps to meet the deadlines set herein. This case is now approaching the two-year mark and at some point cases need to advance beyond the discovery phase to summary judgment or trial. The Court is not inclined to grant further extensions without a robust showing of good cause (or excusable neglect, as applicable) and without strict compliance with Local Rule 26-3.

---

[2] The prior magistrate judge assigned to the case seems to have approved what is effectively a stay of discovery while the parties explored settlement. *See* Docket No. 34 at 4 (approved stipulation referencing "a pause" on discovery); Docket No. 41 at 3-4 (approved stipulation referencing delaying depositions until after settlement conference). Moreover, it appears to have taken five months for that settlement conference to take place based on scheduling issues originating with the prior magistrate judge. *See* Docket No. 46 at 3-4. The Court does not reconsider those decisions. Nonetheless, it remains unclear why an extraordinary 240 days of additional discovery time is required, even accounting for those circumstances.

The Court also recognizes that the stipulation represents that counsel are busy with other cases and that summer involves vacation time, *see* Docket No. 46 at 4, but such reasons are plainly insufficient to justify another eight months of discovery, *cf. Williams*, 627 F. Supp. 3d at 1179 (D. Nev. 2022).

2

### III. CONCLUSION

For the reasons discussed above, the stipulation to modify case management deadlines is **GRANTED** in part and **DENIED** in part.  Deadlines are hereby **RESET** as follows:

- Amend pleadings/ add parties:  June 14, 2024
- Initial experts:  closed
- Rebuttal experts:  closed
- Discovery cutoff:  September 12, 2024
- Dispositive motions:  October 15, 2024
- Joint proposed pretrial order:  November 14, 2024, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: May 22, 2024

_____
Nancy J. Koppe
United States Magistrate Judge