UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL ALEXANDER,

    Plaintiff(s),

v.

COREY CHADWICK,

    Defendant(s).

Case No. 2:22-cv-01084-CDS-NJK

**Order**

[Docket No. 67]

Pending before the Court is Plaintiff's Motion to Compel Discovery. Docket No. 81.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel must strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). To that end, discovery motions may be filed only after a robust conferral process, which requires personal consultation in the form of in-person, telephonic, or video discussions. *See Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015); *see also* Local Rule IA 1-3(f).

The motion practice was preceded by "emails [Plaintiff's counsel] ha[s] sent to Mr. Leonard on multiple occasions since the litigation started." Docket No. 67 at 16. As the case law and the rules make clear, however, "[t]he exchange of written, electronic, or voice-mail communications does not satisfy" the meet-and-confer requirement. Local Rule 1-3(f). Accordingly, the motion to compel discovery is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: August 29, 2024

                                              Nancy J. Koppe
                                              United States Magistrate Judge