# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL ALEXANDER,

    Plaintiff,

v.

COREY CHADWICK,

    Defendant.

Case No. 2:22-cv-01084-CDS-NJK

**Order**

[Docket No. 63]

Pending before the Court is Defendant's motion to quash subpoenas and for protective order. Docket No. 63. Plaintiff filed a response. Docket No. 73. Defendant filed a reply. Docket No. 75. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

Defendant's motion is not sufficiently developed.[1] There is a general rule that only the party to which a subpoena is directed has standing to challenge that subpoena. *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, *2 (D. Nev. Nov. 22, 2013). The seven subpoenas seek documents from non-parties, *see* Docket No. 63 at 4, who themselves have not objected to the subpoenas or filed motions to quash.[2] Docket No. 73 at 8. Defendant does not address the threshold problem that he lacks standing. Instead, Defendant submits that the requests are "so broadly worded as to encompass [Defendant's] personal trading and trading on behalf of other clients." Docket No. 63 at 6.

Some courts have found that a party has standing to move to quash a subpoena where the party has "some personal right or privilege" in the documents sought. *See, e.g.*, *Crispin v. Christian*

---

[1] Defendant submits that "the relevance of trading records for [Defendant] personally or other clients of [Defendant] are not readily apparent, and the requests are overly broad on their face." Docket No. 63 at 7. Generally, an objection that the subpoena issued to a non-party seeks *irrelevant* information or imposes an undue burden on the nonparty are not grounds on which standing exists to move to quash a subpoena issued to a nonparty. *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, No. 2:04-CV-01199-DAE, 2007 WL 119148, at *3 (D. Nev. Jan. 9, 2007).

[2] The subpoena recipients are Poloniex, Gemini Trust Company, Bittrex, Binance, Kraken, Coinbase, and Kulvera. Docket No. 63 at 5-6.

*Audigier, Inc.*, 717 F.Supp.2d 965, 973 (C.D.Cal.2010); *but see In re: Rhodes Cos.*, 475 B.R. 733, 740–41 (D.Nev.2012) (Pro, J.) (declining to adopt a "personal right or privilege" standing rule and holding that "only the party subject to the subpoena may bring a motion to quash under Rule 45(c)(3)(A)") and *Salem Vegas, L.P. v. Guanci*, 2013 WL 5493126, *2–3 (D. Nev. Sept. 30, 2013) (following *Rhodes*).

Assuming that such an exception exists under the law, Defendant has not provided any showing that he actually has a "personal right or privilege" in the subject material. Instead, the motion simply states that Plaintiff's cryptocurrency was not traded on Poloniex, Gemini Trust Company, Bittrex, Kraken, nor was Kulvera involved with Plaintiff's cryptocurrency.[3] Docket No. 63 at 5-6. Defendant submits that the entities deposed "may have his personal trading records." Docket No. 75 at 5, n.3. It is Defendant's burden to establish standing, a burden that can not be met with conclusory statements.[4] Thus, the Court declines to resolve the issue given the lack of meaningfully developed argument.[5]

Accordingly, Defendant's motion to quash subpoenas and for protective order is **DENIED**. Docket No. 63.

IT IS SO ORDERED.

Dated: September 17, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] Defendant does not object to the subpoenas to Binance and Coinbase. Docket No. 63 at 6.

[4] See *Doutherd v. Montesdeoca*, 2018 WL 3008867, at *2 (E.D. Cal. June 15, 2018) (concluding that bare assertion that the requested documents contain "confidential commercial information" did not satisfy the movant's burden of establishing a personal right or privilege in that information); *see also Coalview Centralia, LLC v. Transalta Centralia Mining LLC*, 2019 WL 2563851, at *3 (W.D. Wash. Mar. 21, 2019).

[5] See *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013); *see also International Game Technology*, 2017 WL 10900253, at *2 (declining to address potential standing based on a "personal right or privilege" argument that was not sufficiently developed).

2