UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL ALEXANDER,<br>            Plaintiff,<br>v.<br>COREY CHADWICK,<br>            Defendant. | Case No. 2:22-cv-01084-CDS-NJK<br>**Order**<br>[Docket No. 97] |

Pending before the Court is Plaintiff's emergency motion to extend the dispositive motion and joint pretrial deadlines. Docket No. 97. The Court has considered Plaintiff's motion, Defendant's response, and Plaintiff's reply. Docket Nos. 97, 99, 100. The matter is properly resolved without a hearing. *See* Local Rule 78-1.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The motion seeks relief based on Defendant's failure to provide full access to the Binance account.[1] Docket No. 97. Plaintiff submits that Defendant allowed his expert one-time access to the account which, Plaintiff submits, is not sufficient. *Id*. at 2. Plaintiff therefore requests additional time as the information in the Binance account is essential for him to prepare and file dispositive motions. *Id*. at 8. Defendant responds that Plaintiff has had sufficient access to the account and only requests more data points in order to inappropriately access his personal financial information. Docket No. 99. Defendant therefore asks the Court to deny Plaintiff's motion. *Id*. at 5.   not require or request an extension of the deadlines and does not take a position as to Plaintiff's requested extension. Docket No. 91 at 4. Plaintiff replies that Defendant has failed to

---

[1] This is Plaintiff's second motion to extend deadlines based on this alleged failure. *See* Docket No. 88.

give his expert the access not only to Binance, but to all platforms and wallets to which Defendant transferred cryptocurrency and, therefore, he needs an extension of the applicable deadlines. Docket No. 100 at 2.

Defendant has previously agreed to provide Plaintiff with full legacy access to the Binance account set up by Defendant with "the current login ID, password, and access to any verification methods required by Binance." Docket No. 86 at 1-2. Defendant further agreed to provide access "to any and all cold-storage wallets and/or platform access to which the cryptocurrency was transferred from such Binance account …" *Id*. at 2.

Accordingly, the motion to extend discovery deadlines is **GRANTED** in part.[2] Docket No. 97. The parties must diligently engage in discovery and must cooperate with each other in order to complete discovery and comply with all of their obligations.[3] The Court will not hesitate to impose necessary sanctions on any party that fails to comply with its discovery obligations. Case management deadlines are hereby **RESET**:

- Dispositive motions: February 18, 2025
- Joint proposed pretrial order: March 20, 2025, 30 days after resolution of dispositive motions, or further order of the Court

IT IS SO ORDERED.

Dated: January 2, 2025.

Nancy J. Koppe
United States Magistrate Judge

---

[2] Plaintiff asks the Court to compel Defendant to comply with the agreement in Docket No. 86; however, he cites no caselaw in support of this request. *See* LR 7-2(d). Further, in his reply, Plaintiff requests sanctions for the first time. "A party is generally prohibited from raising new issues for the first time in its reply brief." *Queensridge Towers LLC v. Allianz Global Risk US Ins. Co.*, 2015 WL 1403479 at *3 (D. Nev. Mar. 26, 2015). Therefore, the Court **DENIES** both of these requests.

[3] The Court anticipates that no further motions for extension will need to be filed. In the event that a motion is filed, however, it must strictly comply with the requirements of LR 26-3.