UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Michael Alexander, | Case No. 2:22-cv-01084-CDS-NJK |
| Plaintiff and Counter-defendant | **Order Regarding the Continued Tracing of Alexander's Cryptocurrency** |
| v. | |
| Corey Chadwick, | [ECF No. 121] |
| Defendant and Counter-claimant | |

On May 1, 2025, the court, having heard the testimony of expert witness Nicholas Himonidis, and having reviewed the pleadings, determined that continued tracing of Alexander's cryptocurrency and a protective order is necessary in furtherance of and in connection with the order dated October 15, 2024 (ECF No. 86). It is therefore ordered that:

1. The parties must work together so as to accomplish the disclosure necessary to compile a full forensic accounting of the transactions that have been identified in the chart identified in the February 7, 2025 NGH Report (Exhibit B thereto), as well as the transactions involving proceeds of cryptocurrency of plaintiff James Alexander which are the subject of this lawsuit and which relate to the time frame of February 21, 2019 through the present.

2. Given the sensitive nature of the cryptocurrency records to be reviewed, the data provided under this order must only be viewed by Himonidis and his firm, NGH, who will only disclose his conclusions to Alexander's lawyers pursuant to the terms of this order. Himonidis has reviewed this order and agrees that he and his firm will be bound by the terms herein.

3. Defendant Corey Chadwick has retained a consulting expert to assist in this process. The parties contemplate that Himonidis' company (NGH), Himonidis, and Chadwick's consulting expert will work together to make sure that the necessary information is accessed and to determine how much of the ultimate accounting and tracing can be agreed to.

4. Subject to the terms of paragraph five below, Chadwick, through his expert, will provide detailed transaction histories, including sent to and received from addresses, and transaction hashes, for the following exchange accounts that were identified in the February 2025 NGH report as having some connection to the cryptocurrency sourced from Alexander's Binance account:

   a. Coinbase
   b. Poloniex
   c. Coinpayments.net
   d. Bitrue.com
   e. Uphold
   f. KuCoin
   g. Bittrex
   h. NEM(XEM) Address:
      NA2KC36U4YIHDVMBEKGGFWBGOIVJMB5XAM7X2ETI

5. For now, Chadwick will only produce the information needed to Himonidis from the KuCoin account. The parties agree that Himonidis will show Chadwick's consulting expert the connection he found to Alexander's cryptocurrency to each of the other exchanges/accounts listed in paragraph four above before Chadwick is required to produce the data for the other seven accounts/exchanges listed. After the connection details are given to Chadwick's consulting expert, Chadwick's consulting expert will verify the connection between Alexander's cryptocurrency and the other

accounts/exchanges and will immediately provide the detailed transaction histories, including sent to and received from addresses, and transaction hashes, for remaining seven exchange accounts. Should there be any dispute between the experts, the experts shall report this dispute to counsel of record for the parties who shall attempt to resolve the dispute and give guidance to the experts.

6. Himonidis will only retain data related to transactions reasonably believed to represent proceeds of Alexander's cryptocurrency and will share all retained data with Chadwick's consulting expert. Should Himonidis believe he needs access to additional data, he shall communicate his need to Chadwick's consulting expert. Should there be any dispute between the experts as to whether data is within the scope of this order, the experts shall report this dispute to counsel of record for the parties who shall attempt to resolve the dispute and give guidance to the experts.

7. All information provided by Himonidis to Alexander's counsel shall only pertain to transactions reasonably believed to represent proceeds of Alexander's cryptocurrency, and shall describe account and wallet information only by identifying, in the case of an account, the location (platform) and name of the account, or in the case of a wallet, or DEFI exchange account identified by a wallet address, identifying the wallet by the first and last five digits of the root wallet address. Similarly, any report issued by any expert in this case shall only identify wallets and accounts in this manner. Because the expert disclosure deadline has passed, Chadwick's new consulting expert will not produce a report.

8. All information derived from the accessed information provided pursuant to this order, including any reports issued by Himonidis will be treated as "Attorney's Eyes Only" as described herein below.

9.  All information required to be treated as "Attorney's Eyes Only" under this order will only be received and reviewed by Alexander's counsel of record, Himonidis, and his firm. Alexander's counsel of record must also promptly provide such information to Chadwick's counsel of record.[1]

10. All information required to be treated as "Attorney's Eyes Only" under this order will be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever and must not be disclosed to any person except in accordance with the terms hereof.

11. In the event that Alexander believes that any information required to be treated as "Attorney's Eyes Only" under this order is not of a confidential nature appropriate for the restrictions of this order, the parties will attempt to resolve the issues raised and stipulate in writing to designate such information as not subject to the restrictions of this order; if no resolution can be reached by the parties, Alexander may seek an order from this Court finding that such information is outside the scope of this order.

12. Nothing in this order prevents the parties, by written stipulation signed by the parties, to provide for exceptions to this order.

13. In the event a party wishes to use any information required to be treated as "Attorney's Eyes Only" under this order in any affidavits, briefs, memoranda of law, or other papers filed in court in this litigation, such information used therein must be filed under seal with the court. The Clerk of this Court is directed to maintain under seal all such documents filed under seal with the court in this litigation. **However, the court may issue an order directing the parties to support their request to file any documents under seal.**[2] The court will determine procedures it deems appropriate for use of any such documents or information at trial or any evidentiary hearing.

---

[1] The restrictions in this order do not apply to Chadwick, his counsel, or any expert hired by him.
[2] This requirement (and emphasis) has been added by the court.

14. Within sixty days after conclusion of this litigation and any appeal thereof: (a) Alexander's counsel of record must turn over to Chadwick's counsel of record all documents and copies of documents which are subject to this order; and (b) Himonidis must destroy, retaining no copies, of all data he received or obtained pursuant to this order.

15. All confidential information subject to this order, produced or exchanged in the course of this litigation, will be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and must not be disclosed to any person except in accordance with the terms hereof, unless required by Federal or State law, administrative proceeding, appeal or other order of a State or Federal court.

16. The documents and requested information needed by Himonidis to complete the tracing and accounting of the proceeds of Alexander's cryptocurrency must be provided to NGH by June 30, 2025. A notice of compliance must be filed on June 30, 2025.

17. This order incorporates the signatures of the parties included in the draft order of the protective order filed at ECF No. 121 as if fully set forth herein.

Dated: May 29, 2025

_____
Cristina D. Silva
United States District Judge