UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Michael Alexander,<br><br>                    Plaintiff<br><br>v.<br><br>Corey Chadwick,<br><br>                    Defendant | Case No. 2:22-cv-01084-CDS-NJK<br><br>**Order Granting in Part Chadwick's Motion for Clarification**<br><br>[ECF No. 131] |

Plaintiff/counter-defendant Michael Alexander brings this civil suit for claims arising out of a Bitcoin agreement that the parties signed on February 21, 2019. Compl., ECF No. 1. On October 3, 2025, Chadwick filed a motion for clarification. Mot., ECF No. 131. Therein, Chadwick avers that the plaintiff's interpretation of the court's May 1, 2025 decision[1] granting in part Alexander's motion for summary judgment as to the breach of contract claim, have frustrated settlement efforts and necessitated the filing of this motion. *Id.* The motion is fully briefed. Resp., ECF No. 135; Reply, ECF No. 137. For the following reasons, Chadwick's motion for clarification is granted in part.

## I.    Legal standard

There is no specific Federal Rule of Civil Procedure governing motions for clarification.[2] However, such motions can be resolved when appropriate to explain or clarify something that that may be ambiguous or vague. *See N. Alaska Env't Ctr. v. Haaland*, 2023 U.S. Dist. LEXIS 91370, at *16 (D. Alaska, May 25, 2023) (citing *United States v. All Assets Held at Bank Julius, Baer & Co., Ltd.*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018); *see also Walker v. Wolf*, 2024 U.S. Dist. LEXIS 74873, at *4 (D.

---

[1] *See* Mins., ECF No. 117.

[2] Chadwick moves pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. That rule states that when "more than one claim for relief" is presented in an action, "the court may direct entry of final judgment as to one or more but fewer than all" of the claims only upon an express determination "that there is no just reason for delay" and upon an express direction for the "entry of judgment." Fed. R. Civ. P. 54(b). But I need not enter final judgment to resolve Chadwick's motion for clarification, so I decline to do so here.

Idaho Apr. 23, 2024) (motions for clarification "are appropriate when parties are uncertain about the scope of a ruling or when the ruling is reasonably susceptible to differing interpretations.").

**II.     Discussion**

On June 16, 2025, I issued an order resolving competing summary judgment motions. Order, ECF No. 124. As relevant here, I granted summary judgment to Alexander on his breach of contract theory that Chadwick failed to provide access to the Binance account in accordance with the contract, so I awarded damages to Alexander "as set forth in [the contract's] default provision." *See id.* at 13–14, 24.[1] The default provision states: "In the event of an Event of Default, Investor shall be entitled the recovery of the Agreement **Quantity** of Bitcoin and any earned Bitcoin not yet distributed []subject to Chadwick's 50% interest in any earned Bitcoin." Bitcoin trading agreement, Pl.'s Ex. 1, ECF No. 1-2 at 3, ¶ 8 (emphasis added); Agreement, 108-8 at 2, ¶ 8. Chadwick seeks clarification of the court's intent in awarding those damages because it is Alexander's position that he is entitled to be paid an amount that equates to "an <u>over 2,600% increase</u> of his original investment." *See* ECF No. 131 at 2. Chadwick argues that requiring Chadwick to pay Alexander 250 Bitcoin at "today's prices would constitute an unenforceable liquidated damages penalty under Nevada law."[3] *Id.*

In response, Alexander construes Chadwick's motion as one for reconsideration. *See* ECF No. 135. Alexander contends that Chadwick merely advances the same arguments previously raised in his motion for summary judgment, and further argues that Chadwick should be sanctioned. *See id.*

In reply, Alexander affirmatively states that he is not seeking reconsideration of the court's order, but rather is asking for clarification as to how the default provision would be enforced by the court, and that he filed this motion because he desires to settle this action, but

---

[3] In his brief, Chadwick asserts that the exact value was $26,699,190 based upon adjusted closing price of $106,796.76 as of the court's June 16, 2025 order. *See* ECF No. 131 at 2 n.1 (citing Yahoo Finance Historical Index, https://finance.yahoo.com/quote/BTC-USD/history).

2

Alexander's position that he is entitled to over $26,000,000 makes settlement impossible. *See* ECF No. 137 at 2.

As a threshold matter, I find that Chadwick's motion is, in fact, one for clarification, not reconsideration, so Alexander's request for sanctions is denied. I also find Chadwick's request for clarification is reasonable for several reasons. First, the contract itself provides no assistance on awarding damages, especially given the underlying facts of how Chadwick invested Alexander's Bitcoin. Second, because "Bitcoin's value is so volatile that even experienced crypto traders lack the prescience to hold and sell at absolute peaks in value," seeking clarification is also reasonable. *See Meta-Tech Consultants, LLC v. Niu*, 2021 U.S. Dist. LEXIS 209207, at *8 (D. Nev. Oct. 29. 2021).[4]

Unfortunately, the court's ability to provide a straightforward answer is once again thwarted because of the poorly drafted contract here. *See* ECF No. 124 at 7 (finding "that the contract drafting is incredibly poor, leaving significant questions about its terms"). As a result, both the parties and the court are left to grapple with issues such as the one presented by Chadwick's clarification motion.

The court has spent considerable time contemplating Chadwick's request. The heart of the request is what damages should be awarded based on Chadwick's breach of contract by not providing Alexander access to his Binance account. The question of damages is directly tied to the issue of *when* the breach occurred. As explained in my order granting Alexander partial summary judgment:

> Because the contract is vague as to its expiration, it remains a dispute of material fact as to whether, and if, the contract has actually expired . . . . If the Agreement expired, as Chadwick argues, in February 2021, then his failure to provide Alexander access until 2025 constitutes a breach. On the other hand, if the Agreement continued to run, whether to some endpoint in 2021 or in perpetuity, Alexander's September 2021 demand letter constituted written notice of

[4] The court notes that in this case, upon analyzing what damages should be awarded in a motion for default judgment, the court determined that a reasonable amount of damages was the "converted investment, fee, and profit the plaintiff alleged in its complaint." *Meta-Tech Consultants, LLC*, 2021 U.S. Dist. LEXIS 209207, at *3.

Chadwick's failure to perform his obligations under the contract. It now being 2025, nearly four years—unquestionably more than the five-day notice period—have passed since this breach.

ECF No. 124 at 13–14. As the contract's expiration date is vague, and any ambiguity in a written contract is construed against the party who prepared the agreement, I must seek a reasonable interpretation. *Caldwell v. Consol. Realty & Mgmt. Co.*, 668 P.2d 284, 286–87 (Nev. 1983). Applying the facts to the contract here, I find a reasonable interpretation of when the breach occurred to be on September 17, 2021, when Chadwick failed to respond to Alexander's demand letter.[5] *See id.* at 287 (explaining that when construing an ambiguous contract, the court must seek a reasonable interpretation).[6] Alexander is therefore entitled to recover the value of 250 Bitcoin[7] on the day of the breach (September 17, 2021), plus any earned Bitcoin that had not yet been distributed, subject to Chadwick's 50% interest in any earned Bitcoin.[8] The closing price of Bitcoin on September 17, 2021 was $47,267.52.[9]

III.    Conclusion

IT IS HEREBY ORDERED that Chadwick's motion for clarification [ECF No. 131] is **GRANTED in part as set forth in this order.**

Dated: April 17, 2026

_____
Cristina D. Silva
United States District Judge

---

[5] The demand letter required a response by September 16, 2021. *See* Letter, Pl.'s Ex. 7, ECF No. 104-1 at 115.

[6] While a breach may have occurred in February of 2021, the written demand letter fully comports with the Default provision of the contract. *See* ECF No. 1-2 at 3, ¶ 8(b).

[7] This is the "Agreement Quantity of Bitcoin."

[8] ECF No. 1-2 at 3, ¶ 8.

[9] *See* https://finance.yahoo.com/quote/BTC-USD/history/?period1=1631750400&period2=1632960000 (last accessed, Apr. 15, 2026).